IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marsdon Haywood Barfield, ) | Criminal Action No.: 4:05-cr-01047-RBH-1 |
| ) | Civil Action No.: 4:09-cv-70099-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court with Petitioner's [Docket Entry 66] Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Respondent's [Docket Entry 72] Motion to Dismiss, which the court has treated as a motion for summary judgment.[1]

## **Background**

On November 22, 2005, a jury convicted Petitioner of felon in possession of a firearm and ammunition. On March 16, 2006, the court sentenced Petitioner, an Armed Career Criminal, to 210 months' imprisonment, followed by five (5) years of supervised release. *See* [Docket Entry 48]; Judgment [Docket Entry 52]. The judgment and conviction were entered on March 24, 2006.

Also on March 24, 2006, Petitioner filed his notice of appeal. *See* Notice [Docket Entry 54]. The Fourth Circuit Court of Appeals affirmed Petitioner's sentence and conviction on

---

[1] The court notes that it has considered matters outside the pleadings–i.e., the sentencing transcript and presentence investigation report that were already filed with the court and reflected on its docket entries–in making its determination on Respondent's motion. Rule 12(d), Federal Rules of Civil Procedure, states that "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The parties received reasonable and explicit notice of the court's intention to convert Respondent's motion to dismiss into one for summary judgment. The court issued a *Roseboro* order on November 2, 2009, which stated that "[a] motion for summary judgment ha[d] been filed in this case," and that "[a] motion to dismiss shall be considered a motion for summary judgment." Order [Docket Entry 74] at 1, n.1. The order also advised Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond.

August 24, 2006. *See* [Docket Entry 63]. The Court of Appeals thereafter issued its [Docket Entry 64] Mandate on September 18, 2006. This motion to vacate under § 2255 followed.

**Discussion**

Respondent argued the following in its motion to dismiss: "Barfield had four predicate convictions under [] 18 U.S.C. § 924(e) . . . Therefore, even if Barfield's petition were not time-barred and even if Barfield's conviction for Failure to Stop for a Blue Light was found not to qualify, Barfield was nonetheless properly sentenced as an Armed Career Offender." Motion at 4. Petitioner contends, however, that based upon the *Begay* case, his prior conviction for failure to stop for a blue light cannot serve as a predicate offense for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Petitioner further contends that not only did the court not rely upon Petitioner's prior conviction for aggravated assault and battery in previously sentencing him, but that the aggravated assault conviction cannot properly serve as a predicate offense for purposes of the ACCA because it was only a state misdemeanor. Therefore, Petitioner seeks to have his current sentence vacated. The court does not need to address the parties' other arguments regarding timeliness and the retroactivity of *Begay v. United States*, 553 U.S. 137 (2008), because the court finds that Petitioner's § 2255 motion fails on the merits.

The presentence investigation report (PSR) in this matter recommended that the court should sentence Petitioner as an armed career criminal within the meaning of U.S.S.G. § 4B1.4. In doing so, the PSR listed four (4) predicate offenses for § 924(e) purposes. The four (4) predicate offenses were aggravated assault and battery, criminal domestic violence 3rd offense, failure to stop for a blue light, and pointing and presenting a firearm. Therefore, even if the failure to stop for a blue light conviction was not to be considered a predicate offense after the

*Begay* case,[2] Petitioner still has three (3) other predicate offenses that are sufficient to support his sentence as an armed career criminal.

Additionally, Petitioner's arguments regarding his previous conviction for aggravated assault and battery are without merit. First, notwithstanding Petitioner's statement to the contrary, the aggravated assault and battery conviction was included in the PSR as a predicate offense, and the court did in fact rely upon the conviction as a predicate offense when it sentenced Petitioner. Second, although Petitioner argues that his aggravated assault was actually a state misdemeanor, the PSR clearly reflects otherwise. Petitioner's sentence for that conviction was four (4) years, suspended to three (3) years probation, and therefore it was clearly not a misdemeanor offense. Moreover, Petitioner's conviction for aggravated assault and battery "plainly counts as one of the required three predicate violent felony convictions [under the ACCA]." *See United States v. Wright*, 594 F.3d 259, 263 (4th Cir. 2010). Accordingly, the court finds that, even without the blue light conviction, Petitioner had three (3) sufficient predicate offenses, and therefore his current sentence as an armed career criminal is appropriate.

## Conclusion

The court has thoroughly reviewed the motions, memoranda, and applicable law. For the reasons stated above, Respondent's Motion is hereby **GRANTED** and this § 2255 motion is **DISMISSED** *with prejudice*.

---

[2] Both parties' arguments regarding the failure to stop for a blue light conviction are based upon the *Begay* case. However, the court does note that *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010), a very recent Fourth Circuit case, specifically addresses the issue. In that case, the Fourth Circuit held that "under no circumstances is a violation of South Carolina's blue light statute a violent felony under the ACCA." *Id.* at 560. Without addressing retroactivity, for purposes of this motion the court will assume for the sake of argument that Petitioner's failure to stop for a blue light conviction should not be counted as a predicate offense.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                           s/R. Bryan Harwell
                                           R. Bryan Harwell
                                           United States District Judge

April 20, 2010
Florence, South Carolina