IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marsdon Haywood Barfield,                )  |  |
| ) | 4:05-cr-01047-RBH |
| Petitioner,     ) |  |
| ) |  |
| vs.                                        ) | **O R D E R** |
| ) |  |
| United States of America,                ) |  |
| ) |  |
| Respondent.      ) |  |
| ) |  |
| _____) |  |

    This matter comes before the Court upon the *pro se* motion of the petitioner, Marsdon H. Barfield, pursuant to 28 U.S.C. § 2255(f)(4), filed on January 3, 2011 [docket #83]. In his motion, the petitioner contends that his conviction should be vacated and that he should be re-sentenced based on "the recent Rivers, Johnson, and McFall decisions that establishes (sic) new facts as a basis for this claim."

    The petitioner previously filed a 28 U.S.C. § 2255 motion on October 1, 2009 in which he alleged that this Court erroneously classified him as an armed career criminal based on Begay v. United States, 553 U.S. 137 (2008). He contended that his prior conviction for failure to stop for a blue light should not count as a predicate offense. This Court issued an order dismissing the Section 2255 Petition with prejudice on April 20, 2010 on the basis that the PSR listed four (4) predicate offenses for § 924(e) purposes. Those offenses were aggravated assault and battery, criminal domestic violence third offense, failure to stop for a blue light, and pointing and presenting a firearm. Therefore, even if the failure to stop for a blue light conviction was not considered to be a predicate offense after the Begay case, Petitioner still had three (3) other

1

predicate offenses. Petitioner also asserted that his prior conviction for aggravated assault and battery was a state court misdemeanor which was not considered by the Court as a predicate offense. However, this Court found that the conviction was for four (4) years, suspended to three (3) years probation and was therefore not a misdemeanor offense.

The petitioner's instant § 2255 motion asserting that failure to stop and ABHAN are not crimes of violence amounts to a challenge to his underlying conviction and sentence. Because the petitioner has previously filed a § 2255 petition which was adjudicated on the merits, the present petition is successive. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)); see also 28 U.S.C. § 2255 ("A second or successive motion [under this section] must be certified as provided in § 2244 by a panel of the appropriate court of appeals[.]"). In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a motion under § 2255. See Winestock, 340 F.3d at 205. The docket does not reflect any such authorization.

Because the petitioner's motion is successive, this court lacks jurisdiction to consider the motion. The court denies the motion (#83) without prejudice to allow the petitioner to seek written permission from the Fourth Circuit Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

                                                              s/ R. Bryan Harwell  
                                                              R. Bryan Harwell  
                                                              United States District Judge

Florence, South Carolina  
January 13, 2011